UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20361-CR-WILLIAMS/MCALILEY

UNITED STATES OF AMERICA

v.

JOSE FRANCESCO MUNOZ DI ROCCO,

Defendant.
_____/

## FACTUAL PROFFER

Defendant, Jose Francesco Munoz Di Rocco (hereinafter referred to as "the Defendant"), and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

Beginning on or about February 14, 2018, and continuing through on or about July 2, 2018, the Defendant and his co-Defendant Francisco Manuel Rodriguez ("Rodriguez") willfully and knowingly conspired with each other and others to knowingly import, transport, sell, receive, and acquire wildlife, consisting of Eastern Pilbara spiny-tailed skinks (*Egernia epsisolus*), Western Pilbara spiny-tailed skinks (*Egernia cygnitos*), and Southern pygmy spiny-tailed skinks (*Egernia depressa*) from Australia to the United States, knowing the wildlife was taken, possessed, transported, and sold in violation of a regulation of the United States, that is, Title 50, Code of Federal Regulations, Sections 14.52 and 14.61, in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A).

On February 14, 2018, the Defendant reserved online a four-wheel drive vehicle to be picked up in Broome, Western Australia, and dropped off in Perth, Western Australia.

Thereafter, on March 26, 2018, the Defendant traveled from Ft. Lauderdale, Florida to Sydney, Australia and Rodriguez traveled from San Francisco, California to Sydney, Australia for the purpose of meeting up in Broome, Western Australia, capturing spiny-tailed skinks in their native habitat, and importing them into the United States for resale. Once in Western Australia, the Defendant and Rodriguez captured various species of spiny-tailed skinks and prepared them for shipping to the United States. The Defendant and Rodriguez knew it was illegal to export these spiny-tailed skinks from Australia.

On April 9, 2018, the Defendant mailed a package containing nine Eastern Pilbara spiny-tailed skinks (*Egernia epsisolus*), four Western Pilbara spiny-tailed skinks (*Egernia cygnitos*), and five Southern pygmy spiny-tailed skinks (*Egernia depressa*), from the Maylands Licensed Post Office in Perth, Australia ("Package #1") to Miami, Florida. Two days later, on April 11, 2018, the Defendant delivered a second package to the North Perth Licensed Post Office ("Package #2") in Perth, Australia for shipping to Ashland, Oregon, containing thirteen Southern pygmy spiny-tailed skinks (*Egernia depressa*) and two Western Pilbara spiny-tailed skinks (*Egernia cygnitos*). In order to conceal the illegally imported wildlife, the spiny-tailed skinks were packaged within gift-wrapped containers and were included in a larger shipping box containing other souvenirs. Also, in an effort to conceal the illegally imported wildlife, neither the Defendant nor Rodriguez declared any wildlife on the Customs Declaration forms attached to the shipping boxes and neither of them submitted a Declaration for Importation or Exportation of Fish and Wildlife (Form 3-177) with the U.S. Fish and Wildlife Service.

Following the delivery of Package #2 to the post office, anomalies were detected in the package during the X-ray screening. Australian authorities opened Package #2 and discovered fifteen live spiny-tailed skinks that were concealed within various tupperware covered in

children's wrapping paper. According to the shipping label, Package #2 was directed to Rodriguez's address in Ashland, Oregon. Unbeknownst to the Defendant and Rodriguez at the time, Package #2 did not leave Australia.

On the next day, April 12, 2018, Rodriguez traveled from Sydney, Australia to a final destination of Medford, Oregon while the Defendant traveled from Sydney, Australia to Miami, Florida. On April 13, 2018, the Defendant looked up the tracking information for Package #1 from an IP address located in Miami-Dade County, Florida. On April 14, 2018, Package #1 arrived in Miami, Florida, and the Defendant took possession of the package. On that same day, the Defendant also looked up the tracking information for Package #2 from an IP address located in Miami-Dade County, Florida. After the spiny-tailed skinks from Package #1 arrived in Miami, Rodriguez and the Defendant sold them to customers in the United States and shared the proceeds of such sales with one another. For example, on June 4, 2018, the Defendant agreed to sell two *Egernia depressa* to Purchaser #1, who then transferred $5,000 USD to the Defendant's business account via PayPal on June 8, 2018. On that same day, the Defendant transferred $2,253.00 USD to Rodriguez via PayPal. Similarly, on July 2, 2018, the Defendant transferred another $690.00 USD to Rodriguez via PayPal as part of their agreement.

The foregoing information is further corroborated through social media posts, surveillance video, travel records, Paypal records, border crossings, and photographs, among other forms of evidence.

The Parties agree that the above facts, which do not include all the facts known to the United States and Jose Francesco Munoz Di Rocco, are sufficient to prove his guilt for violations of Title 18, United States Code, Section 371.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 10/15/2021   By: _____
MARTY FULGUEIRA ELFENBEIN
ASSISTANT UNITED STATES ATTORNEY

Date: 11/3/2021   By: _____
DAVID TARRAS
ATTORNEY FOR DEFENDANT

Date: 11/01/2021   By: _____
JOSE FRANCESCO MUNOZ DI ROCCO
DEFENDANT

4